835 P.2d 1281

**STATE of Idaho, Plaintiff–Respondent,**

v.

**William Mann NOBLES, III, Defendant–Appellant.**

**No. 19390.**

Supreme Court of Idaho, Idaho Falls, May 1992 Term.

July 9, 1992.

Johnson Law Office, Idaho Falls, for defendant-appellant. David A. Johnson, argued.

Larry EchoHawk, Atty. Gen., and Michael A. Henderson, (argued), Deputy Atty. Gen., Boise, for plaintiff-respondent.

JOHNSON, Justice.

William Mann Nobles, III, appealed the trial court's denial of Nobles' motion to suppress. We assigned the case to the Court of Appeals, which affirmed. *State v. Nobles*, 122 Idaho 509, 835 P.2d 1320 (App. 1991). We granted Nobles' request for review of the Court of Appeals' decision.

We have reviewed and considered the briefs, the record, the transcript, and the Court of Appeals' opinion. We have also listened to and considered the oral arguments presented to us. We concur with the Court of Appeals' decision with an additional rationale that supports their decision.

The Court of Appeals determined that the trial court had found that Nobles' confession to his parole officer was voluntary and, therefore, that the second confession was not the fruit of a poisonous tree. The Court of Appeals determined that the trial court implicitly found that Nobles gave both confessions voluntarily because of the trial court's conclusion that under the "to-

tality of the circumstances" the second confession was admissible.

We conclude that the trial court's implicit finding of voluntariness is further demonstrated by the trial court's statement that Nobles' confession to his parole officer could be used for impeachment. The use of this confession would have been admissible to impeach Nobles only if the confession were voluntary, although it was given without the benefit of *Miranda* warnings. *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971); *see also State v. Moulds*, 105 Idaho 880, 884, 891, 673 P.2d 1074, 1078, 1085 (Ct.App.1983).

BAKES, C.J., BISTLINE and McDEVITT, JJ., and CAREY, J. Pro Tem., concur.